IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JERRY O'NEIL, individually and as President of Montanans for Multiple Use, on behalf of himself, and the members of MONTANANS FOR MULTIPLE USE, and CHERYL LITTLE DOG,<br><br>Plaintiff,<br><br>v.<br><br>TYLER P. GILMAN, Clerk of the U.S. DISTRICT COURT FOR THE DISTRICT OF MONTANA, in his official capacity, and the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, in its administrative capacity,<br><br>Defendants. | CV-16-84-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I. Background

Plaintiff Jerry O'Neil, an attorney licensed to practice law in Blackfeet Tribal Courts but not in Montana state courts and the president of Montanans for Multiple Use, applied for admission to practice in the U.S. District Court for the District of Montana on May 7, 2015. (Doc. 9 at 2.) The Clerk of Court for the District of Montana denied his application because he failed to meet the admission requirements set forth in District of Montana Local Rule 83.1. Mr. O'Neil then filed a complaint on behalf of himself, Montanans for Multiple Use (MMU), and Cheryl Little Dog asking the Court to declare Local Rule 83.1(b) unconstitutional and requesting an injunction directing Defendants to approve his application to practice in United States Courts for the District of Montana. (Doc. 1.) Defendants

-1-

filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that Mr. O'Neil fails to state a claim upon which relief may be granted because (1) the District of Montana has set reasonable standards for admission, which Mr. O'Neil failed to meet, (2) Defendants' denial of Mr. O'Neil's application did not violate MMU's First Amendment rights, and (3) Defendants' denial of Mr. O'Neil's application did not violate Ms. Little Dog's Sixth Amendment rights to counsel. (Doc. 8.) The Court agrees Mr. O'Neil fails to state a claim upon which relief may be granted and recommends that the district court grant Defendants' motion to dismiss.

## II. Standards

### A. Dismissal under Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) allows a party to move for dismissal when the allegations of a pleading do not state a claim upon which relief can be granted. A pleading fails to state a claim upon which relief may be granted when it depends on a legal theory that is not cognizable as a matter of law, or when it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). When considering a motion to dismiss under Rule 12(b)(6), "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). Yet, a court is not required accept as true allegations that contradict facts subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court is also not required to accept as true allegations that are merely "conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*. Where, as here, a plaintiff is proceeding pro se, the court should construe the pleadings liberally. *See Karim–Panahi v. Los Angeles Police Dept*., 839 F.2d 621, 623 (9th Cir.1988). As a

general rule, "a court may not consider material beyond the complaint in ruling on Fed.R.Civ.P. 12(b)(6) motion." *Intri–Plex Technologies v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

### III. Analysis

Mr. O'Neil argues that (1) Local Rule 83.1 is unconstitutional and (2) that by denying his application to practice in Montana federal courts under the rule, the Clerk of Court for the District of Montana violated MMU's First Amendment rights to free speech and Cheryl Little Dog's Sixth Amendment right to counsel. (Doc. 1.) Defendants argue that Mr. O'Neil fails to state a claim upon which relief may be granted because (1) Courts have determined rules substantially similar to Local Rule 83.1 are constitutional, (2) MMU has the ability to address its grievances with the assistance of counsel, and (3) Cheryl Little Dog was represented by counsel at her trial. (Doc. 9.) The Court agrees with Defendants and recommends that the district court grant Defendants' motion to dismiss.

**1. Local Rule 83.1**

Local Rule 83.1 is constitutional because it sets reasonable standards for admission and does not contain a residency requirement. A district court has the discretion to adopt local rules that regulate its day-to-day business. *Frazier v. Heebe*, 482 U.S. 641, 645 (1987). This includes the discretion to create rules regulating admissions to its own bar. *Id*. Courts are free to set reasonable standards for admission to its bar "independent of the requirements established by coequal courts." *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989). Yet, district courts may not adopt rules conditioning admission into its bar on the applicant residing within the state where the court sits. *Frazier*, 482 U.S. at 646, 649.

Local Rule 83.1(a)(2) states that "only an attorney authorized to appear under this rule may appear on behalf of a party. The rule further provides that only

attorneys "who are members in good standing of the State Bar of Montana may be admitted as members of this court." L.R. 83.1(b)(1) The rule does not contain a requirement that an applicant reside within the State of Montana.

In *Giannini v. Real*, the Ninth Circuit examined a rule substantially similar to Local Rule 83.1 and found that it did not violate the Equal Protection Clause of the Constitution. 911 F.2d 354, 356 (9th Cir. 1990). In *Giannini*, an attorney who had failed the California bar exam challenged the Local Rules for the U.S. District Courts for the Central District of California and Eastern District of California because both restricted admission of the Bar to "active members in good standing of the State Bar of California." *Id* at 356. The Ninth Circuit held that the rule did not impair a fundamental right "because there is no fundamental right to practice law" and determined that there was a rational basis for the rule. *Id*. at 359. In reaching this conclusion, the Ninth Circuit pointed to, among other things, that (1) because the district courts have no procedures of their own to determine if an attorney is fit to practice law, they rely on the California bar examination to make this determination; and (2) membership in the California bar screens applicants who are guilty of ethical violations in other jurisdictions.

Here, the District of Montana also has no procedures of its own to determine if an applicant is fit to practice law and has an interest in ensuring that members of its bar do not have ethical violations in other jurisdictions. Thus, the Court finds that Local Rule 83.1(b) is a reasonable exercise of the District of Montana's discretion to control admission to its bar and recommends that the district court grant Defendant's motion.

### 2. Montanans for Multiple Use's First Amendment Right

Mr. O'Neil argues that by denying his application for admission Defendants prevent MMU from exercising its First Amendment right to freedom of expression.

(Doc. 1.) The Court disagrees.

The Ninth Circuit has held a corporation must be represented by licensed counsel when appearing in federal court. *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). As noted above, the District of Montana has set reasonable requirements that counsel must meet to appear in its courts. Mr. O'Neil does not meet these requirements. Yet, nothing in the District of Montana's local rules prevents MMU from hiring counsel who does meet these requirements to represent its interest in Montana federal courts. Thus, the Court finds that Defendants have not violated MMU's First Amendment rights and recommends that the district court grant Defendants' motion.

### 3. Cheryl Little Dog's Sixth Amendment Right

Mr. O'Neil argues that by denying his application Defendants violated Cheryl Little Dog's Sixth Amendment right to counsel. The Court disagrees.

The Sixth Amendment ensures that defendants accused of a crime are entitled to be represented by counsel. U.S. const. amend. VI. This guarantee of counsel means representation by licensed attorney. *U.S. v. Hoffman*, 733 F.2d 596, 599 (9th Cir. 1984). Mr. O'Neil is not licensed to practice in District of Montana courts.

Defendants' denial of Mr. O'Neil's application did not violate Ms. Little Dog's Sixth Amendment right because while he was unable to represent her, Ms. Little Dog did have the benefit of court-appointed counsel at her trial. (Doc. 9 at 3.) Thus, the Court finds that Defendants did not violate Ms. Little Dog's Sixth Amendment right to counsel when it denied Mr. O'Neil's application and recommends that the district court grant Defendants' motion to dismiss.

For the reasons stated above, the Court issues the following findings and recommendations:

The Court finds that Mr. O'Neil fails to state a claim upon which relief may be granted because as a matter of law:

1. District of Montana Local Rule 83.1 is constitutional;

2. Defendants's denial of Mr. O'Neil's application for admission to practice in the District of Montana did not violate Montanans for Multiple Use's First Amendment rights; and

3. Defendants's denial of Mr. O'Neil's application for admission to practice in the District of Montana did not violate Cheryl Little Dog's Sixth Amendment right to counsel.

The Court recommends:

The district court grant Defendants' motion to dismiss

Dated this 16th day of July 2017.

John Johnston
United States Magistrate Judge