# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JERRY O'NEIL, individually and as President of Montanans for Multiple Use, on behalf of himself, and the members of MONTANANS FOR MULTIPLE USE, and CHERYL LITTLE DOG, <br><br> Plaintiff, <br><br> vs. <br><br> TYLER P. GILMAN, Clerk of the U.S. DISTRICT COURT FOR THE DISTRICT OF MONTANA, in his official capacity, and the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, in its administrative capacity, <br><br> Defendants. | CV-16-84-GF-BMM-JTJ <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Jerry O'Neil, an attorney licensed to practice law in Blackfeet Tribal Courts, but not in Montana state courts, and the president of Montanans for Multiple Use ("MMU"), applied for admission to practice in the U.S. District Court for the District of Montana on May 7, 2015. (Doc. 9 at 2.) The Clerk of Court denied his application because he failed to meet the admission requirements

1

set forth in District of Montana Local Rule 83.1. Mr. O'Neil filed a complaint on behalf of himself, MMU, and Cheryl Little Dog asking the Court to declare Local Rule 83.1(b) unconstitutional and requesting an injunction directing Defendants to approve his application to practice in United States Courts for the District of Montana.

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that Mr. O'Neil fails to state a claim upon which relief may be granted because (1) the District of Montana has set reasonable standards for admission, which Mr. O'Neil failed to meet; (2) Defendants' denial of Mr. O'Neil's application did not violate MMU's First Amendment rights; and (3) Defendants' denial of Mr. O'Neil's application did not violate Ms. Little Dog's Sixth Amendment rights to counsel. (Doc. 8). United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on August 16, 2017. (Doc. 16.) Neither party filed objections.

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston determined that Local Rule 83.1 is constitutional because it sets reasonable standards for admission to the District of Montana and does not contain a residency requirement. (Doc. 16 at 3.) District courts possess the discretion to adopt local rules that regulate its day-to-day business. *Frazier v. Heebe*, 482 U.S. 641, 645 (1987). This discretion includes rules regulating admissions to its own bar. *Id.* However, district courts may not adopt rules condition admission into its bar on the applicant residing within the state where the court sits. *Id.* at 649. Local Rule 83.1(a)(2) states that "only an attorney authorized to appear under this rule may appear on behalf of a party." The rule further provides that only attorneys "who are members in good standing of the State Bar of Montana may be admitted as members of this court." L.R. 83.1(b)(1). Accordingly, Judge Johnston recommends that the Court finds that Local Rule 83.1(b) represents a reasonable exercise of the District of Montana's discretion to control admission to its bar and recommends that the Court grant Defendant's motion. (Doc. 16 at 4.)

Judge Johnston found that MMU was not prevented from exercising its First Amendment right to freedom of expression. *Id.* at 5. The District of Montana has set reasonable requirements that counsel must meet to appear in its courts. Mr. O'Neil does not meet these requirements. Judge Johnston found that nothing in the District of Montana's local rules prevent MMU from hiring counsel who does meet

the requirements to represent its interests. *Id.* Judge Johnston recommends that the Court find that Defendants have not violated MMU's First Amendment rights and recommends that the district court grant Defendant's motion. *Id.*

Judge Johnston determined that denial of O'Neil's application for admission did not violate Little Dog's Sixth Amendment right to counsel. *Id.* Little Dog had the benefit of court-appointed counsel at trial. Judge Johnston recommends that the Court grant Defendants' motion to dismiss. *Id.*

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 16), is ADOPTED IN FULL.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is GRANTED.

DATED this 12th day of September, 2017.

_____
Brian Morris
United States District Court Judge